```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

| | |
|---|---|
| **THELMA GRAY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-2100-TMP |
| | ) |
| **MEMPHIS SHELBY COUNTY** | ) |
| **EDUCATION ASSOCIATION,** | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER DENYING *PRO SE* MOTIONS FOR DEFAULT JUDGMENT AND SANCTIONS**
_____

Before the court are a Motion to Grant Default Judgment and a Motion to Levy Sanctions Against the Defendant, both of which were filed by *pro se* plaintiff Thelma Gray on April 26, 2023. (ECF Nos. 16 and 17.) Both motions stem from defendant Memphis Shelby County Education Association's ("MSCEA") failure to appear at a scheduling conference on April 25, 2023. For the reasons below, the motions are DENIED.

## I. BACKGROUND

On February 24, 2023, Gray filed a *pro se* complaint against MSCEA alleging employment discrimination in violation of the Americans with Disabilities Act of 1990. (ECF No. 1.) MSCEA filed an answer to the complaint on March 31, 2023. (ECF No. 10.) On April 3, 2023, the undersigned set a scheduling conference to take

place on April 25, 2023, at 10:00 a.m. in Courtroom 6. (ECF No. 11.) On April 25, 2023, Gray appeared *pro se*, but defense counsel failed to appear. (ECF No. 12.) On April 26, 2023, the scheduling conference was reset for May 30, 2023, before presiding District Judge John T. Fowlkes, Jr. (ECF No. 15.) The same day, Gray filed the instant motions, seeking default judgment and an award of $1,000 in sanctions. (ECF Nos. 16 and 17.) On May 9, 2023, MSCEA filed responses to both motions. (ECF Nos. 18, 19.)

On May 30, 2023, Judge Fowlkes held a scheduling conference. (ECF No. 20.) Both Gray and counsel for MSCEA appeared via video. (Id.) At the scheduling conference, counsel for MSCEA stated that he had emailed a proposed scheduling order to Gray but that she had failed to respond. (Id.) Gray explained that "she is presently under Doctor's care and doing the best she can regarding her situation." (Id.) Judge Fowlkes informed plaintiff that she had until June 6, 2023, to file replies to her pending motions and reset the scheduling conference. (Id.) On June 5, 2023, the parties consented to the jurisdiction of the magistrate judge. (ECF No. 24.) Gray filed a reply to her motion for sanctions on June 9, 2023. (ECF No. 25.) A third scheduling conference is currently scheduled for July 6, 2023, before the undersigned. (ECF No. 26.)

## II.  ANALYSIS

**A.   Default Judgment**

Gray seeks a default judgment against MSCEA because the defendant failed to appear at the scheduling conference without notice. Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Section (a) of Rule 55 deals with entry of a technical default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the court itself. Entry of a technical default under section (a) is different from, and must precede, entry of a default judgment under section (b). White v. Stephens, No. 13-cv-2173-JDT-tmp, 2014 WL 727000, at *1 (W.D. Tenn. Jan. 14, 2014) (citing Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir. 1985); Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co., 244 F.R.D. 317, 328 (E.D. Va. 2007); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).")). Entry of a technical default by the Clerk is the "first procedural step on the road to obtaining a default judgment," and must be obtained before a default judgment may be granted. Id. (citing Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983); Ortiz v. Lasker, No. 08-CV-6001L, 2008 WL 5110984, at *1 (W.D.N.Y. Dec. 2,

2008); Garrison v. Transunion, No. 08-10859, 2008 WL 4940795, at *1 (E.D. Mich. Nov. 17, 2008); Corsair Memory, Inc. v. Corsair7.com, No. C 08-03460, 2008 WL4820789, at *2 (N.D. Cal. Nov. 4, 2008); Axact (PVT), Ltd. v. Student Network Res., Inc., No. 07-5491, 2008 WL 4754907, at *1 (D.N.J. Oct. 22, 2008); Hickman v. Burchett, No. 2:07-cv-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008)). In order to obtain an entry of default under Rule 55(a), an application for entry of default must be filed with the Clerk, along with an affidavit or other competent proof of the defendant's failure to plead or otherwise defend the action. The Clerk will examine the application and, if the requirements of Rule 55(a) are met, certify that the defendants are in default. At that time, the plaintiff may file a motion for default judgment, accompanied by the Clerk's certificate of default. Since Gray has not obtained the entry of default by the Clerk, her motion for default judgment is premature.

Moreover, entry of default is proper when a party against whom relief is sought has "failed to plead or otherwise defend." Fed. R. Civ. P. 55. MSCEA filed an answer to Gray's complaint and filed responses to both of Gray's motions. It cannot be said that MSCEA has failed to defend against the lawsuit. For these reasons, Gray's motion for default judgement is DENIED.

**B.   Sanctions**

Gray also seeks $1,000 in sanctions pursuant to Rule 11 to reimburse her for "travel expenses and time lost." (ECF No. 17.) Sanctions are warranted under Rule 11 when a party files frivolous or improper pleadings, motions, or papers. Fed. R. Civ. P. 11. Here, Rule 11 sanctions are not applicable because Gray does not allege defendants filed a frivolous pleading or motion. Further, the procedures necessary to issue Rule 11 sanctions were not followed. See Fed. R. Civ. P. 11(c)(1)(A) (requiring a twenty-one day "safe harbor" period for an offending party to withdraw its motion when a party requests sanctions by motion). Thus, Gray's motion for sanctions is DENIED.

### III. CONCLUSION

For the reasons above, Gray's motions for default judgment and sanctions are DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 29, 2023
Date