IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THELMA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02100-TMP |
| | ) |
| MEMPHIS SHELBY COUNTY | ) |
| EDUCATION ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the court is defendant Memphis Shelby County Education Association's ("MSCEA") Motion to Dismiss filed, on August 22, 2023. (ECF No. 31.)[1] For the reasons below, this motion is GRANTED.

**I.   BACKGROUND**

On June 26, 2022, Thelma Gray filed a charge of discrimination against MSCEA alleging discrimination and retaliation. Gray filed a *pro se* complaint on February 24, 2023, alleging that the discriminatory conduct was "lack of representation." (ECF No. 1 at

---

[1]The parties consented to having the undersigned conduct all proceedings in this case including the trial, the entry of final judgment, and all post-trial proceedings. (ECF No. 24.) Gray filed a motion attempting to revoke the consent based upon unsubstantiated allegations of misconduct by counsel for MSCEA that were unrelated to her consenting to magistrate judge jurisdiction. (ECF Nos. 34, 36, 38, 39.) The undersigned denied Gray's motion finding that there was no evidence of misconduct. (ECF No. 40.)

PageID 3.) On August 22, 2023, MSCEA moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 31.) Gray originally filed a "response," which simply asserted that she had until September 7, 2023, to file an amended complaint. (ECF No. 33.) On September 26, 2023, the court entered an Order to Show Cause requiring Gray to substantively respond to MSCEA's motion, and if she failed to respond, the court would consider MSCEA's motion solely on the arguments contained therein. (ECF No. 41.) Gray filed a response to the motion on October 5, 2023. (ECF No. 42.) Gray's complaint included the following factual statement:

> I reported ADA discrimination and fraud by filing an official complaint with Shelby County Schools. One week after filing to complaint, the chief of HR (Yolanda Martin) abruptly removed me from my current school at that time and sent me to an undesirable position. This happened March 2022 in the middle of the school year. I reached out to the Memphis Shelby County Education Association, where I had paid dues, for assistance to help me get back to my students. The Association refused to help me file a grievance to get back to my students.

(ECF No. 1 at PageID 4.) In her charge of discrimination, she made the following allegations:

> I've made complaints to Keith Williams, Director informing him that I have been denied a reasonable accommodation and transferred to [sic] from Bellevue Middle School to Cordova Middle in the terms/conditions of employment and in retaliation due to my medical condition. Mr. Williams denied me the opportunity to file a grievance and failed to respond to any of my calls and emails. On March 4, 2022, I complained to Ms. Prater, the school board and Keith Williams, Director of MSCEA. On March 11, 2022, Ms. Prater informed me that Yolanda

> Martin, Chief of Human Resources, made the decision to move me to another school (Cordova Middle). On March 14, 2022, Mr. Williams contacted Ms. Martin in my present [sic] via phone, the reason she gave for moving me was because You reported Malone, you are making these allegations against National Junior Honor Society, and you asked for a dehumidifier. On March 22, 2022, I was forced to relocate from Bellevue Middle to Cordova Middle, without legitimate reasons. I believe I have been discriminated against in retaliation for complaining in violation of Title VII of the Civil Rights Act of 1964, as amended.

(ECF No. 1-1 at PageID 8.) In this motion, MSCEA asks the court to dismiss Gray's claims, arguing that she does not have a plausible claim of discrimination and that a teacher does not have the right to being assigned to a particular school as a matter of law. (ECF No. 31-1 at PageID 74.)

## II.   ANALYSIS

**A.   Legal Standard**

In deciding a Rule 12(b)(6) motion to dismiss, the court views the allegations in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp.

of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). To satisfy this requirement, plaintiffs must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Thomas, No. 16-1330, 2019 WL 1905166, at *1 (W.D. Tenn. Apr. 29, 2019); Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Breach of Fair Representation Claim**

Gray alleges that MSCEA's discriminatory conduct was "lack of representation," and she explains in her factual summary that MSCEA refused to help her file a grievance after she complained to Shelby County Schools and was removed from her current school. (ECF No. 1 at PageID 3-4.) In her response, she argues that she "believes that [MSCEA] discriminated against [her] when it failed to adequately represent or advocate for the interest of all its members (specifically [Gray])." (ECF No. 42 at PageID 162.) The court construes this claim as alleging that MSCEA breached its duty of fair representation under the ADA.

"The ADA prohibits discrimination by a covered entity 'against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation job training, and other terms, conditions, and privileges of employment.'" Turner v. Nat'l Assoc. of Letter Carriers Branch No. 27, No. 2:20-cv-02025-SHL-atc, 2022 WL 807378, at *10 (W.D. Tenn. Feb. 11, 2022) (quoting Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702-03 (6th Cir. 2008)). "Because labor unions are 'covered entities' under the ADA, union members can bring claims against labor unions under Title I of the ADA." Id. (quoting 42 U.S.C. § 12111(2)). A plaintiff is not required to establish a *prima facie* case under *McDonnell Douglas* to survive a motion to dismiss; she "need only allege facts that 'plausibly

suggest an entitlement to relief.'" Beard v. Hickman Cty. Gov't, No. 1:22-cv-00019, 2023 WL 5498056, at *1 (M.D. Tenn. Aug. 24, 2023) (quoting Ashcroft, 556 U.S. at 682). "[D]etailed factual allegations are not necessary; a plaintiff need only allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [the labor union] violated the respective statutes." Id. (quoting Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012) (internal quotation marks omitted)).

Gray alleges that, after being told that she would be transferred from Bellevue Middle School to Cordova Middle School — and after requesting an accommodation and complaining about the failure of Shelby County Schools to accommodate her — "I reached out to the [MSCEA], where I had paid dues, for assistance to help me get back to my students. The Association refused to help me file a grievance to get back to my students." (ECF No. 1 at PageID 4.) These facts, accepted as true for the purposes of this motion, plausibly allege that Gray was wrongfully transferred from Bellevue Middle School because of her disability and in retaliation for her filing a complaint, and that MSCEA refused to file a grievance on her behalf. However, Gray has alleged no facts that suggest that MSCEA refused to file a grievance because of her having a disability. Without any factual allegations that MSCEA failed to file a grievance because of a discriminatory animus

towards her being disabled, she has failed to state a claim under the ADA. Therefore, the undersigned finds that Gray has not stated a claim for breach of the duty of fair representation under the ADA.

**C.   Transfer from Bellevue Middle School to Cordova Middle School**

In the *pro se* form, Gray checked that she was subject to discrimination based upon her disability. (ECF No. 1 at PageID 4.) Although she includes retaliation in her charge of discrimination, she does not allege in her complaint that MSCEA retaliated against her in violation of the ADA. (ECF No. 1 at PageID 3, 8.) However, in its motion, MSCEA addresses the allegation included in the charge of discrimination that Gray's transfer from Bellevue Middle School to Cordova Middle School constituted unlawful discrimination and retaliation. The undersigned will consider Gray's claim for discrimination and retaliation as alleged in the charge of discrimination and complaint.

MSCEA cites a section of the Teacher Tenure Act that provides as follows:

> The director of schools, when necessary to the efficient operation of the school system, may transfer a teacher from one location to another within the school system, or from one type of work to another for which the teacher is qualified and licensed; provided, that transfers shall be acted upon in accordance with board policy.

Tenn. Code Ann. § 49-5-510. Gray argues in her response that Shelby County Schools retaliated against her for filing a complaint of

discrimination by transferring her to another location. (ECF No. 42 at PageID 163.) But MSCEA rightly points out that Gray fails to allege what role it had in the transfer. Gray alleges facts that, if true, could constitute discrimination or retaliation, but those allegations would not be against MSCEA because the director of schools is responsible for the transfer of teachers from one location to another under the Teacher Tenure Act. Gray's arguments regarding MSCEA's culpability for the allegedly discriminatory and retaliatory transfer is limited to its failure "to execute its terms of agreement as outlined in its Memorandum of Understanding Article 3 Grievance Procedure. [Gray] believes that [MSCEA] discriminated against [her] when it failed to adequately represent or advocate for the interest of all its members (specifically [Gray])." (Id.) Gray includes no allegations that MSCEA was responsible for the allegedly discriminatory and retaliatory transfer. To the extent that Gray's complaint includes claims for discrimination or retaliation against MSCEA, the undersigned finds that she has failed to state a claim.

### III.   CONCLUSION

Based on the foregoing, MSCEA's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

                                        s/Tu M. Pham
                                        TU M. PHAM
                                        Chief United States Magistrate Judge

                                        December 14, 2023
                                        Date